Ray SULLWOLD, Plaintiff and Respondent,

v.

Max HOGER, Defendant and Third-Party-Defendant, Appellant,

v.

Milton WAGNER, Third-Party-Defendant.

No. 7893.

Supreme Court of North Dakota.

Sept. 5, 1961.

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, for plaintiff and respondent.

Conmy, Donahue & Conmy, Bismarck, for defendant and appellant.

LUNDBERG, District Judge.

This is an appeal from an order granting a new trial. The original action was one arising out of an automobile accident. At the trial thereof the jury returned a verdict for the defendant, and on this a judgment of dismissal with costs was entered. The following day the plaintiff made his motion for a new trial on the ground that the verdict was against the weight of 'the evidence, but giving no particulars and no specifications, and on the further grounds that the jury's verdict had been improperly arrived at, was a compromise and the result of the jury's misapprehension of its duties and powers.

The defendant resisted the motion for a new trial, first on the ground that it was improper and inadmissible to attempt to show what the jury's deliberations had been, when there was no allegation that the verdict had been arrived at by chance or other prohibited means, or that outside influence had been used. The trial court agreed and rejected these grounds. The defendant further contended that the motion was not in conformity with Rule 59(b) and Section 28–1809, 1943 Code, in that it failed to specify, with the required particularity, wherein the evidence was insufficient or wherein the court's instructions had been disregarded; that these were fatal defects (citing cases in a written memorandum) and the motion should accordingly be denied.

The trial court rejected these contentions, vacated the verdict and granted a new trial. The trial court, in a brief memorandum decision, expressed the view that there had been a "plain disregard * * * of the instructions * * * and of the evidence in the case * * *" by misapprehension of the instructions or because of passion or prejudice. From this order the appeal is taken. As the memo and order above referred to were made more than ten days after the entry of judgment, they cannot be regarded as action taken by the court on its own initiative under Rule 59(i).

In his appeal defendant contends: First, that it was prejudicial error for the trial court to consider the defective motion over his timely objection and to exercise its discretion in granting a new trial. Second, he contends that even if the motion had not been fatally defective for reasons set forth in his objections (referred to above), there was an abuse of discretion in granting the new trial because there was evidence from which the jury could properly find that the driver of the car in which plaintiff was riding, and not the defendant, was responsible for the accident, and that such finding could be made in conformity with the court's instructions.

As it is evident that the first of these objections goes to the right of the trial court to act in the matter at all, and would be determinative of the appeal if well taken, we will first examine its validity.

It is well settled that there are certain procedural requirements that must be met by a court when it proceeds to vacate or set aside a verdict or judgment. And it is only natural that this should be so. A case once tried and concluded by a

verdict should not be reopened and retried unless careful examination shows that justice so requires. In order that injustice may not be done in the name of doing justice, procedural safeguards have been created to insure that the grounds and reasons for the exercise, by a court, of these exceptional and extraordinary powers be made to appear, and that the litigant who invokes these powers shows himself entitled to do so. This is true whether the matter be the granting of a new trial, or in directing a verdict, or granting judgment notwithstanding the verdict. Rules 50 and 59, N.D.R.Civ.P., are illustrative of the safeguards mentioned, as are the statutes supplementing and preceding them.

■ This court has repeatedly held that compliance with these procedural safeguards is essential to a valid exercise by a court of its power in this field. An extended discussion of the matter, with citations of cases and authorities, may be found in Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429. Even when a court is expressly authorized to order a new trial on its own initiative, it must in such order "specify the grounds therefor." That "grounds" means something other than generalities is evident from such authorities as Bradley v. Krogen, 67 N.D. 108, 270 N.W. 93; Montana-Dakota Utilities Co. v. Amann, N.D., 81 N.W.2d 628; Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240; 66 C.J.S. New Trial § 141.

■ It is true that when no objection is made by the opposing party for failure to specify with particularity wherein error was made or how evidence does, or does not, meet requirements, that by raising no objection the opposing party has waived his objection. Clausen v. Miller, 63 N.D. 778, 249 N.W. 791 (discussed in Robbins v. Robbins, N.D., 70 N.W.2d 37). But in the instant case the record shows that vigorous and specific objections were timely made.

■ The cited cases indicate that the reason for requiring particularity and detail in the statement of "grounds" is: First, to spare the court a search of what may be a long record, and to direct its attention to what is claimed to be at fault. Second, to advise opposing counsel so that he may properly contest the matter in the trial court. Third, to provide a record for appeal so that an appellate court can judge the merits of the claims and contentions made. Nor can it be said that these requirements are technical obstacles to a moving party seeking justice. If a defective motion comes before a court, and is duly objected to, corrections and amendments can be permitted if there are meritorious grounds.

On the other hand, if the "grounds" which the litigant considers meritorious are actually lacking in merit, the requirement of particularity in presentation will serve to disclose to the examining eye and the evaluating mind their weakness. The reasons why systems of law develop procedural safeguards is well put by Salmond, "Jurisprudence," 7th Ed., page 45:

"The establishment of the law is the substitution of the opinion and conscience of the community at large for those of the individuals to whom judicial functions are entrusted. The principles of justice are not always clearly legible by the light of nature. The problems offered for judicial solution are often dark and difficult, and there is great need of guidance from that experience and wisdom of the world at large of which the law is the record. The law is not always wise, but on the whole, and in the long run, it is wiser than those who administer it. It expresses the will and reason of the body politic, and claims by that title to overrule the will and reason of judges and magistrates, no less than those of private men. 'To seek to be wiser than the laws,' says Aristotle,

'is the very thing which is by good laws forbidden.'"

The cases cited above are practical illustrations of the application of these principles in this jurisdiction.

■ Looking at the record it is evident that in the light of established rules in the cases above referred to, plaintiff's motion failed to specify and particularize its grounds in the required manner; that this was pointed out and objected to by counsel for the defendant and, under the circumstances, it was error for the trial court to exercise its discretion in the granting of a new trial and vacating the verdict of the jury in defendant's favor. As we find appellant's first objection well taken, it is unnecessary to discuss his other objections.

The order granting a new trial is reversed, and the vacated verdict and the judgment entered thereon is reinstated.

SATHRE, C. J., and TEIGEN, MORRIS and BURKE, JJ., concur.

STRUTZ, J., deeming himself disqualified, did not participate; Honorable ALBERT LUNDBERG, District Judge of the Second Judicial District, sitting in his stead.