Curtis HAGERT, Sr., Curtis Hagert, Jr., and David Hagert, all d/b/a Hagert Farms, Plaintiffs and Appellees,

v.

HATTON COMMODITIES, INC., Defendant, Third–Party Plaintiff and Appellee,

v.

GREELEY TRADING COMPANY, Third–Party Defendant and Appellee,

and

Powell Bean Growers Association, Third–Party Defendant and Appellant.

Civ. No. 870306.

Supreme Court of North Dakota.

March 29, 1988.

---

Patrick W. Fisher of McConn, Fisher, Olson & Daley, Grand Forks, for plaintiffs and appellees (Hagert); no appearance.

Stephen W. Plambeck of Nilles, Hansen & Davies, Fargo, for defendant, third-party plaintiff, and appellee (Hatton).

Paul G. Woutat (argued) and Carol E. Johnson of Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for third-party defendant and appellee (Greeley).

David M. Box of Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, for third-party defendant and appellant (Powell Bean).

VANDE WALLE, Justice.

Powell Bean Growers Association (Powell Bean) appealed from an order denying its request for an extension of time in which to file a notice of appeal. We affirm.

Hagert Farms purchased certified Wyoming 166 pinto bean seed from Hatton Commodities, Inc. (Hatton). After the seed was planted and had germinated, it was discovered that the bean plants were infected with a disease known as "halo blight." Hagert Farms destroyed the bean plants and reseeded.

Hagert Farms then commenced an action against Hatton, alleging that the bean seed was contaminated. Hatton answered the complaint and filed third-party claims against the supplier of the seed, Greeley Trading Company (Greeley), and against the producer of the seed, Powell Bean. Both Powell Bean and Greeley then filed cross-claims against each other and counterclaims against Hatton.

Since that time this case has twice gone to trial, with each trial giving rise to an appeal. Each of those appeals resulted in a remand to the trial court for a new trial. Our decisions in those appeals are reported at 350 N.W.2d 591 (N.D.1984) [*Hagert I*], and 384 N.W.2d 654 (N.D.1986) [*Hagert II*]. The facts underlying this case and the subsequent trials are described in greater detail in each of those opinions.

The facts relevant to this appeal are that subsequent to this court's decision in *Hagert II*, Hatton moved the trial court, pursuant to Rule 60, N.D.R.Civ.P., to reinstate a summary judgment for indemnity and attorney fees awarded to Hatton and Greeley prior to the second trial. The motion was granted. On April 16, 1986, a corrected judgment was entered, reinstating the summary judgment. On May 29, 1987, both Greeley and Hatton mailed separate notices of entry of judgment to Powell Bean. The notice sent by Hatton was dated June 29, 1987, but the accompanying affidavit of mailing bore a May 29, 1987, date.

Powell Bean prepared and signed a notice of appeal from the corrected judgment on July 31, 1987. However, it neglected to file this notice of appeal with the clerk of the trial court until August 7, 1987, beyond the 60–day period in which to file an appeal

provided by Rule 4(a), N.D.R.App.P. Powell Bean then moved for an extension of time for the filing of the notice of appeal. The trial court denied the motion and this appeal ensued.

The sole question before this court is whether the trial court abused its discretion when it refused to allow an extension of the time for filing the notice of appeal. Rule 4 of the North Dakota Rules of Appellate Procedure governs the time for taking an appeal. Rule 4(a) provides that in civil cases a notice of appeal "shall be filed with the clerk of the trial court within 60 days of the date of service of notice of entry of the judgment or order appealed from." The rule also provides for an extension of time for the filing of a notice of appeal:

> "Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

Thus, in order that an extension of time for the filing of a notice of appeal may be granted, a party must make a showing of excusable neglect to the trial court.

In this case the trial court refused to allow an extension of time for filing the notice of appeal. On appeal, our review of the trial court's decision is restricted to determining whether the trial court abused its discretion:

> "A motion for extension of time based upon excusable neglect is addressed to the sound discretion of the trial court, and the court's determination will not be set aside on appeal absent an abuse of discretion." *Routledge v. Routledge*, 377 N.W.2d 542, 547 (N.D.1985).

A trial court abuses its discretion "when it acts in an arbitrary, unreasonable, or unconscionable manner." 377 N.W.2d at 547. Thus, in order to succeed in its appeal Powell Bean must show that when the trial court refused to grant an extension of time for filing the notice of appeal the court acted in an "arbitrary, unreasonable, or unconscionable manner."

Rule 4, N.D.R.App.P., is derived from Rule 4 of the Federal Rules of Appellate Procedure [Explanatory note to Rule 4, N.D.R.App.P.; *Routledge, supra*], and the Federal courts' interpretation of what constitutes excusable neglect serves as a guide to our decision and is entitled to deference. *Gruebele v. Gruebele*, 338 N.W.2d 805 (N.D.1983). The Federal courts have determined that in order to establish excusable neglect a party must show that the failure to file a timely notice of appeal was caused by unique or extraordinary circumstances. See, e.g., *Alvestad v. Monsanto Co.*, 671 F.2d 908 (5th Cir.), *reh. denied* 679 F.2d 250, *cert. denied* 459 F.2d 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982); *State of Oregon v. Champion International Corp.*, 680 F.2d 1300 (9th Cir.1982); *Dugan v. Missouri Neon & Plastic Advertising Co.*, 472 F.2d 944 (8th Cir.1973); *Maryland Casualty Company v. Conner*, 382 F.2d 13 (10th Cir.1967); *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404 (1st Cir.), *cert. denied* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911 (2d Cir.1985). We agree with this approach. Thus Powell Bean was required to show the trial court that unique or extraordinary circumstances caused it to not file a timely notice of appeal.

Powell Bean noted that Rule 4 of the Federal appellate rules was amended to allow for an extension of time for filing a notice of appeal "upon a showing of excusable neglect or *good cause*." [Emphasis added.] It argues that an extension of time for filing a notice of appeal should also be granted on a showing of good cause under Rule 4 of the North Dakota appellate rules. We disagree. The sole ground for granting an extension of time for filing a notice of appeal under our rule is excusable neglect, and thus good cause is not a ground for granting an extension.[1]

In this case Powell Bean argued that excusable neglect existed because: (1)

1. Apparently the "good cause" standard of the Federal rule would not be applicable in this case because it is limited to requests for extension of the filing time made *prior* to the end of the filing period provided by the rule. See 9 *Moore's Federal Practice* § 204.13 [1.–1] (2d ed. 1987), and *State of Oregon v. Champion Interna-*

the notice of appeal was being prepared by a "law school graduate, temporarily certified for the practice of law" who was preparing to take the Bar examination and who was distracted by an illness in his family; (2) the attorney who had been handling the case for Powell Bean resigned from the law firm engaged by Powell Bean to represent it; (3) there was confusion over the date of the notice of entry of judgment because one of the notices of entry of judgment was dated June 29, 1987, when it should have borne the date of May 29, 1987; (4) the notice was prepared and signed within the time limit but clerical error prevented it from being filed with the clerk of the trial court. The trial court considered these reasons and determined that they did not establish excusable neglect.

In considering the motion brought by Powell Bean the trial court noted that "clerical error is not an example of excusable neglect which would justify the granting of an extension of time in which to file an appeal," and cited similar holdings by other courts. The court observed that the law clerk was not licensed to practice law, that an attorney for the firm representing Powell Bean who had signed the notice of appeal had responsibility for the case, and that "the press of work or other activities of an attorney do not constitute excusable neglect." The court further observed that there should have been no confusion caused by the misdating of one of the notices of entry of judgment "when the accompanying letter [to that notice] was dated correctly and when an identical, properly dated notice was received by [Powell Bean] on the same day from Greeley." This reasoning of the trial court indicates that it did *not* act in an "arbitrary, unreasonable, or unconscionable manner" in concluding that Powell Bean had failed to show that its failure to timely file a notice of appeal was caused by unique or extraordinary circumstances. Rather, Powell Bean's failure was "one of those careless omissions to which everyone is indeed subject, but which do not excuse inaction." *Nichols–Morris Corporation v. Morris*, 279 F.2d 81, 83 (2d Cir.1960).

*tional Corp., supra; contra: Scarpa v. Murphy*,

Powell Bean also argued that the trial court abused its discretion by not considering the combined effect of the reasons given for failure to timely file the notice of appeal. We believe that the trial court did consider the combined effect of Powell Bean's reasons. This is indicated by the trial court's memorandum opinion:

"Powell Bean Growers Association urges this Court to find that clerical error, *in addition to* personal problems of a law clerk assigned to prepare the notice of appeal, *and* the resignation of an attorney who had earlier represented them is *an example* of excusable neglect sufficient to warrant an extension of time in which to file a notice of appeal." [Emphasis added.]

We conclude that the trial court did not abuse its discretion when it refused to extend the time for filing the notice of appeal. Therefore, the order of the trial court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.