1998 ND 75

**Sharon NASTROM, Plaintiff and Appellant,**

v.

**Ned NASTROM, Defendant and Appellee.**

**Civil Nos. 970260, 970204.**

Supreme Court of North Dakota.

April 8, 1998.

Chapman and Chapman, Bismarck, for plaintiff and appellant; argued by Daniel J. Chapman.

Severin, Ringsak & Morrow, Bismarck, for defendant and appellee; argued by Brenda A. Neubauer.

MESCHKE, Justice.

[¶ 1] Sharon Nastrom appealed an order denying her motion for an extension of time to appeal an amended divorce decree eliminating her spousal support from Ned Nastrom. We affirm the denial of an extension of time, and dismiss her tardy appeal of the amended decree.

[¶ 2] In 1977 Sharon and Ned were divorced for irreconcilable differences after a 23-year marriage. The divorce decree divided their property and ordered Ned to pay Sharon $1,000 support monthly until her death or remarriage. Sharon appealed, and we reversed and remanded for a new trial on property division only. *Nastrom v. Nastrom*, 262 N.W.2d 487 (N.D.1978). After a new trial on remand, Sharon again appealed and, in *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979), we affirmed the revised division made.

[¶ 3] After paying spousal support to Sharon for 19 years, in 1996 Ned moved to eliminate support for substantial changes in circumstances because his car dealership had been foreclosed and he had suffered a debilitating stroke. The trial court entered an amended decree eliminating spousal support. Entry of the amended decree was noticed to Sharon on March 25, 1997. Sharon filed a notice of appeal on June 19, 1997, more than 60 days after the entry of the decree. *See* N.D.R.App.P. 4(a). On that same day, Sharon moved for an extension of time to appeal. On June 24, the trial court denied Sharon an extension of time for her failure to show excusable neglect.

[¶ 4] Sharon then moved for leave to file a Rule 60(b) motion, and we "temporarily remanded to the trial court for the limited purpose of consideration of a Rule 60(b), N.D.R.Civ.P., Motion" on August 22, 1997. On September 19, 1997, Ned moved for a protective order under N.D.R.Civ.P. 26(c). On September 29, the trial court entered an order prohibiting further discovery against Ned. The trial court denied Sharon's Rule 60(b) motion.[1] Meanwhile, on August 11, Sharon had timely appealed the June 24, 1997 order denying her an extension of time to appeal the amended decree.

[¶ 5] Sharon's appeal of the amended decree was filed 86 days after notice of its entry. The relevant parts of North Dakota Rules of Appellate Procedure 4(a) direct:

> In a civil case the notice of appeal ... must be filed with the clerk of the trial court within 60 days of service of notice of entry of the judgment or order appealed from.... Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the trial court shall deem appropriate.

Under this rule, Sharon's appeal time could have been extended to 90 days at the discretion of the trial court if Sharon had shown excusable neglect. The trial court, however, concluded Sharon had not shown excusable neglect.

1. The trial court's order denying the Rule 60(b) motion was filed November 14, 1997. Sharon appealed this order on January 14, 1998. Because Sharon's appeal of the Rule 60(b) motion was not consolidated with this appeal and remains pending, we do not consider it here.

[¶ 6] "A motion for extension of time based upon excusable neglect is addressed to the sound discretion of the trial court, and the court's determination will not be set aside on appeal absent an abuse of discretion." *Routledge v. Routledge*, 377 N.W.2d 542, 547 (N.D.1985) (citations omitted). A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably. *Id.* From our review, we conclude the trial court did not abuse its discretion by denying Sharon's request to extend her time for appeal.

[¶ 7] Accompanying her motion for an extension of time, Sharon's counsel filed an Affidavit of Excusable Neglect to File an Appeal asserting his neglect to file a timely appeal, which his client had wanted, was excusable. Counsel asserted, although "there was some early indication of false testimony" by Ned when he testified at the motion hearing, counsel was not satisfied "there exist[ed] sufficient question about the accuracy of [Ned's] testimony" until after 60 days from notice of entry of the amended decree. However, what counsel described as his "caution" and "hesitation" was hardly excusable neglect.

[¶ 8] "[I]n order to establish excusable neglect a party must show that the failure to file a timely notice of appeal was caused by unique or extraordinary circumstances." *Hagert v. Hatton Commodities, Inc.*, 421 N.W.2d 473, 475 (N.D.1988). Sharon contends the requisite "unique or extraordinary circumstances" here was discovery that Ned may have testified untruthfully. Sharon asserts she delayed filing the appeal until "certain information was uncovered to show that Ned Nastrom may have testified untruthfully at the hearing." But Sharon failed to tell the trial court what that information was or to offer any evidence of it. She also failed to explain why it took so long to find the undisclosed evidence. Thus, Sharon's claim of excusable neglect was not reasonably supported by evidence. Therefore, the court did not abuse its discretion in denying her motion for an extension of time, and we affirm that order.

[¶ 9] The time for filing an appeal is jurisdictional. *Bye v. Federal Land Bank Ass'n*, 422 N.W.2d 397, 399 (N.D.1988); *Vo-*

*rachek v. Citizens State Bank*, 421 N.W.2d 45, 49 (N.D.1988); *Dehn v. Otter Tail Power Co.*, 248 N.W.2d 851, 856 (N.D.1976). Because Sharon's appeal of the amended decree eliminating spousal support was not timely filed, we are without jurisdiction to review it, and we dismiss that appeal.

[¶ 10] Throughout this appeal, Sharon's counsel has tangled the procedure in this case by insisting the denial of the Rule 60(b) motion was also relevant to this appeal. Counsel argues "there is [a] tie-in between the appeal and the Rule 60(b) motion." He contends the appeal was delayed to ascertain "if there might be grounds" for a motion to vacate the order eliminating spousal support. Only after he became convinced "there exists sufficient question about the accuracy of [Ned's] testimony to warrant the filing of the Rule 60 motion," Sharon's counsel says, did he file a notice of appeal and voice his intention to file a Rule 60(b) motion. However, an appeal cannot be a substitute for a Rule 60(b) motion, which almost always needs evidence beyond the existing record. *Compare Neubauer v. Neubauer*, 524 N.W.2d 593, 595 (N.D.1994) (A Rule 60 motion may not be used "to remedy a failure to take an appeal."). Sharon's Rule 60(b) motion and its denial is a later and separate stage from the amended decree and, as we explained earlier in footnote 1, Sharon's appeal of the order denying Rule 60(b) relief remains for review. Therefore, we do not address it in this appeal.

[¶ 11] In his appellate brief and at oral argument, Sharon's counsel also urged this court to review the protective order of September 24, 1997. However, that order was neither appealed nor appealable. It came after both the amended decree and the order denying an extension of time to appeal it. Although we need not decide here, the protective order may be intermediate to the order denying the Rule 60(b) motion and thus reviewable on that appeal. N.D.R.App.P. 35. Also, the "judgment, order, or part thereof appealed from" shall be designated in the notice of appeal. N.D.R.App.P. 3(c). Because the notice of an appeal reviewed here did not designate the

later protective order, we do not have jurisdiction to review it at this time.

[¶ 12] We affirm the order denying Sharon an extension of time to appeal the amended decree eliminating her spousal support, and we therefore dismiss her late appeal from the amended decree.

[¶ 13] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.

