1998 ND 142

**Sharon NASTROM, Plaintiff
and Appellant,**

v.

**Ned NASTROM, Defendant and Appellee.**

Civil No. 980028.

Supreme Court of North Dakota.

July 16, 1998.

Rehearing Denied Aug. 19, 1998.

As Amended Sept. 15, 1998.

Daniel J. Chapman, Chapman and Chapman, Bismarck, for plaintiff and appellant.

Brenda A. Neubauer, Severin, Ringsak & Morrow, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Sharon Nastrom appealed from an Order of the Burleigh County District Court denying her Rule 60(b), N.D. R. Civ. P., motion for relief from a final judgment or order. In *Nastrom v. Nastrom*, 1998 ND 75, ¶ 4 n. 1, 576 N.W.2d 215 (*Nastrom III* ), we declined to consider this issue because it was not consolidated with the appeal from the order denying an extension of time to appeal the amended divorce decree. We now conclude the district court did not abuse its discretion by issuing a protective order prohibiting further discovery against Ned Nastrom and, consequently, the district court did not abuse its discretion in denying the Rule 60(b) motion. We affirm.

I

[¶ 2] Ned and Sharon Nastrom were divorced in 1977. *Nastrom III*, 1998 ND 75, ¶ 2, 576 N.W.2d 215. *See also Nastrom v. Nastrom*, 262 N.W.2d 487 (N.D.1978) (reversing and remanding for new trial on property division issue) (*Nastrom I* ); *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979) (affirming after new trial on remand) (*Nastrom II* ). After 19 years of paying spousal support, Ned Nastrom moved to terminate his support obligation because, he claimed, the foreclosure of his car dealership and a debilitating stroke had caused a substantial change in circumstances. *Nastrom III*, 1998 ND 75, ¶ 3, 576 N.W.2d 215. The district court agreed, and terminated Ned Nastrom's spousal support obligation. *Id.* at ¶ 3.

[¶ 3] Sharon Nastrom tried to appeal, but the notice of appeal was filed too late to give this Court jurisdiction. *Id.* at ¶ 9. Sharon Nastrom then moved for an extension of the time in which to appeal. *Id.* at ¶ 3; *see* N.D.

R.App. P. 4(a). The motion for an extension was denied by order of the district court. *Id.* at ¶ 1. Sharon Nastrom appealed that district court order. *Id.*

[¶ 4] While the appeal of the district court's denial of an extension was pending before this Court, Sharon Nastrom moved for leave of this Court so she could file a Rule 60(b) motion. *Id.* at ¶ 4. We temporarily remanded the case so the district court could consider the limited issue of the Rule 60(b) motion. *Id.* In preparation for the Rule 60(b) hearing, Sharon Nastrom attempted to depose Ned Nastrom in Bismarck. Ned Nastrom, who was now living in Minnesota, sought a protective order from the district court claiming his limited mobility and income made it extremely difficult for him to travel to Bismarck. *Id.* Sharon Nastrom resisted by claiming Ned Nastrom's physical and financial concerns were insufficient to justify a protective order. The district court entered an order which canceled the deposition of Ned Nastrom and prohibited further discovery. *Id.* at ¶ 4.

[¶ 5] After a hearing on the Rule 60(b) motion and after considering the pleadings and testimony, the district court concluded Sharon Nastrom failed to show mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or any other reason justifying relief as provided under Rule 60(b), N.D. R. Civ. P. Accordingly, the court denied Sharon Nastrom's Rule 60(b) motion.

## II

[¶ 6] In this appeal, Sharon Nastrom claims the district court abused its discretion in denying her Rule 60(b) motion. She argues her inability to engage in discovery resulted in what she describes as a "perfunctory" hearing. Thus, Sharon Nastrom asks: "Does a party have the right to do discovery in preparation for a hearing on a Rule 60(b) motion?" Sharon Nastrom, however, asks us to resolve a larger question than is required for a full disposition of this case. The essential issue is whether, under the facts of this case, the district court abused its discretion by entering a protective order prohibiting further discovery.

[¶ 7] A district court has broad discretion in setting the scope of discovery, and discovery orders will not be reversed unless there is an abuse of discretion. *Matter of Estate of Schmidt,* 1997 ND 244, ¶ 7, 572 N.W.2d 430. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of a rational mental process. *Braaten v. Deere & Co., Inc.,* 1997 ND 202, ¶ 9, 569 N.W.2d 563. A review of our prior decisions reveals we do not reverse a trial court when a rational reason for entering a protective order exists. *See, e.g., Smith v. State,* 389 N.W.2d 808, 812 (N.D. 1986) (concluding deposition would constitute "fishing expedition"); *Gowin v. Hazen Memorial Hosp. Ass'n,* 349 N.W.2d 4, 8 (N.D. 1984) (limiting discovery and limiting time for discovery). On the other hand, we have rejected claims of abuse of discovery proceedings where the complainant has not sought a protective order. *See, e.g., Lang v. Bank of North Dakota,* 530 N.W.2d 352 (N.D.1995); *Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45 (N.D.1988). We conclude the district court did not abuse its discretion by granting the protective order in this case.

[¶ 8] Sharon Nastrom, knowing of her former husband's physical and financial infirmities, nonetheless scheduled a deposition hundreds of miles away from his home. When Ned Nastrom sought the court's protection, Sharon Nastrom responded by asserting that Ned Nastrom's declarations of health and financial concerns were insufficient to justify a protective order. This response, however, ignores the explicit language of N.D. R. Civ. P. 26(c). Rule 26(c), N.D. R. Civ. P., provides that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense* . . . ." (Emphasis added). The district court correctly considered Ned Nastrom's physical and financial condition in canceling the planned deposition.

[¶ 9] Significantly, Sharon Nastrom did not seek to obtain Ned Nastrom's testimony through alternative discovery methods. For instance, interrogatories may have been used to procure the information. If a deposition

had to be held, it could have been held at a more convenient location for Ned Nastrom. *See* N.D. R. Civ. P. 26(c). *See also* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2039 (1994) (discussing court discretion to consider whether convenience and expense dictate that written questions be used). Considering the all-or-nothing choice Sharon Nastrom presented to the district court, even after Ned Nastrom objected because of his health and the financial cost, we conclude the court did not abuse its discretion in entering the protective order.

[¶ 10] Because the district court did not abuse its discretion when it entered the protective order, it did not abuse its discretion when it denied Sharon Nastrom's Rule 60(b) motion. Sharon Nastrom failed to show mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or any other reason justifying relief as required under Rule 60(b), N.D. R. Civ. P.

### III

[¶ 11] We affirm.

[¶ 12] MESCHKE, SANDSTROM, NEUMANN and MARING, JJ., concur.