2000 ND 71

**Dennis SCHAAN, Plaintiff
and Appellee,**

v.

**MAGIC CITY BEVERAGE CO.,
Defendant and Appellant.**

No. 990119.

Supreme Court of North Dakota.

April 5, 2000.

J. Philip Johnson, Wold Johnson, P.C., Fargo, N.D., and Mark J. Butz (on brief), Rugby, N.D., for defendant and appellant.

Michael R. Hoffman, Tuntland and Hoffman, Bismarck, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Magic City Beverage, Inc. ("Magic City") appeals from a judgment entered upon a jury verdict and also from the trial court's order denying its motion for a new trial. Dennis Schaan filed a motion to dismiss the appeal, claiming our Court is without jurisdiction. We conclude that we lack jurisdiction, and therefore, we dismiss this appeal.

I.

[¶ 2] On November 14, 1998, a jury found Magic City discriminated against Schaan on the basis of his age and awarded Schaan $125,346 in past and future economic damages. Following the trial, Schaan requested attorney's fees as costs under the North Dakota Human Rights Act. The trial court awarded $12,825 in attorneys fees and $431.60 in other costs and entered judgment on January 22, 1999. Schaan served Magic City with a

notice of entry of judgment on January 25, 1999.

[¶ 3] Magic City served a motion, dated February 26, 1999, for a new trial or judgment notwithstanding the verdict, which was filed on March 2, 1999. Magic City's stated grounds were:

1. Contemporaneous with this motion, Defendant will order from the recorder a transcript of the proceedings.
2. The estimated completion date of such transcript is April 1, 1999.
3. Within ten days of receipt of the transcript Defendant will submit its brief setting forth the grounds and argument for new trial or judgment notwithstanding the verdict.
4. Pending disposition of such motion, security has been provided and execution of the judgment stayed.

On March 3, the court ordered execution of the judgment stayed, so long as the defendant deposited $140,000 in a bank account. The court noted in its order that, "[i]n the event the proper appellate procedures are not complied with and the Defendant forfeits it's [sic] right to appeal, the deposit shall be used to satisfy the Judgment."

[¶ 4] On March 31, 1999, Schaan filed a motion requesting that the trial court enforce satisfaction of the judgment. Schaan claimed Magic City's motion for a new trial was defective because it did not state grounds with particularity, and its motion for judgment notwithstanding the verdict was defective because it was not timely filed. Schaan argued the defective motion failed to toll the time for filing the notice of appeal, which Schaan claimed had expired March 29, 1999.

[¶ 5] Magic City then served two motions, both dated April 7, 1999, and filed April 12, 1999. One motion requested an extension of time to file a motion for a new trial under Rules 59(c) and 60(b), N.D.R.Civ.P., based on the delay in obtaining the transcript and excusable neglect of defense counsel. The other motion requested a 30–day extension of the time to file a notice of appeal, based on the same grounds. Magic City filed an amended motion for a new trial or judgment as a matter of law on April 16, 1999.

[¶ 6] The trial court issued its findings and order on April 23, 1999. The order granted Magic City's motion for an extension of time to file an amended motion for a new trial, but simultaneously denied the motion for a new trial or judgment notwithstanding the verdict. The trial court acknowledged the motion for a new trial did not state its grounds with particularity, but found this did not make the motion defective because Magic City wished to procure a transcript and did, after receipt of the transcript, file an amended motion setting forth its grounds more specifically. The trial court also granted Magic City's motion for an extension of time to file a notice of appeal for good cause shown and excusable neglect, concluding Magic City's motion for a new trial or judgment notwithstanding the verdict tolled the time for filing the notice of appeal on March 2, 1999. The trial court reasoned the full time for filing the notice of appeal started to run upon the date of its ruling on the Rule 59 motion. In addition to that 60–day period, the court granted Magic City an additional 30 days for good cause shown and for the excusable neglect of Magic City's counsel. Magic City filed its Notice of Appeal on April 26, 1999.

II.

[¶ 7] Schaan contends Magic City's motion for a new trial or judgment notwithstanding the verdict was defective. First, Magic City failed to move for judgment as a matter of law within the 15–day time period allowed for such a motion under Rule 50, N.D.R.Civ.P. Second, Magic City's motion did not state its grounds with particularity as required by Rule 7(b)(1), N.D.R.Civ.P., and so failed as a motion. Thus, Schaan argues this Court is without appellate jurisdiction to review the

trial court's denial of the motion on its merits. We agree.

## A.

[¶ 8] Under Rule 50(b), a party may move for judgment as a matter of law ("JAML") "by serving and filing a motion not later than 15 days after notice of entry of judgment and may request a new trial or join a motion for a new trial under Rule 59." The trial court interpreted the provision allowing joinder of the two motions as substituting the 60–day time period allowed for filing a motion for a new trial under Rule 59, for the 15–day time period allowed under Rule 50(b). Thus, the trial court concluded Magic City's post-trial motion for JAML was timely filed on March 2, 1999, because Magic City had 60 days to file its motion following the notice of entry of judgment on January 25, 1999. We disagree with this analysis.

[¶ 9] Rule 50(b) contains only one time limit and draws no distinction between the treatment of a motion which is solely for JAML and that of a JAML motion joined with a motion for a new trial. In addition, Rule 50(b) is the only rule which provides that motions for a new trial and JAML may be joined; Rule 59 does not state the motions may be joined and submitted within its 60–day deadline. We do not believe a party's decision to join the two motions extends the time allowed for filing a motion for JAML by an additional 45 days. We conclude a motion for a new trial under Rule 59 may be joined with a timely filed Rule 50 motion for JAML, but joining the motions does not extend the time limit for filing a Rule 50 motion beyond the 15 days allowed by that rule.

[¶ 10] Magic City received the notice of entry of judgment on January 25, 1999. Under Rule 50(b), Magic City then had 15 days to file a motion for JAML, plus three days for service by mail allowed under Rule 6(e). Under our rules, the deadline for such a motion was February 12, 1999; Magic City's motion for JAML was not filed until March 2, 1999. Thus, the motion for JAML was untimely. An untimely JAML motion does not toll the running of time for filing a notice of appeal under N.D.R.App.P. 4(a). Magic City's appeal was not filed within 60 days of notice of entry of judgment. As we note below, no other action taken by Magic City or the trial court properly extended the time for appeal. Therefore, we are without jurisdiction to consider Magic City's appeal from the trial court's denial of the motion.

## B.

[¶ 11] Rule 59, N.D.R.Civ.P., governs motions for new trials in civil cases. Under Rule 59(c)(2), a motion for a new trial must be served and filed within 60 days after notice of entry of judgment, unless the court extends the time for good cause shown. Rule 6(e), N.D.R.Civ.P., permits an additional three days to be added to this time period for service by mail. A motion under Rule 59 is subject to the requirement stated in N.D.R.Civ.P. 7(b)(1), that a motion "shall state with particularity the grounds therefore."

[¶ 12] The particularity requirement codified in Rule 7(b)(1) has long been part of North Dakota law. *See Olson v. Great Northern Ry. Co.*, 56 N.D. 690, 219 N.W. 209 (1928). Three policy grounds support the particularity requirement: (1) it spares the court a search of the record and directs the court's attention to possible faults; (2) it advises opposing counsel so that she may prepare and adequately contest the motion; and (3) it provides an adequate record for appellate review. *Fowler v. Delzer*, 177 N.W.2d 756, 762 (N.D.1970); *Sullwold v. Hoger*, 110 N.W.2d 457, 459 (N.D.1961). This Court has often stated the requirement that grounds be specified is not a "technical obstacle[ ] to a moving party seeking justice." *Sullwold*, 110 N.W.2d at 459. Rather, the rule is a procedural safeguard in that,

if the 'grounds' which the litigant considers meritorious are actually lacking in merit, the requirement of particularity in presentation will serve to disclose to the examining eye and the evaluating mind their weakness.

*Id.*

[¶ 13] Our Court has held repeatedly that specifying "grounds" means something more than stating generalities. *See Porter v. Porter*, 274 N.W.2d 235, 242 (N.D.1979); *Fowler*, 177 N.W.2d at 762. In *Porter*, we concluded a motion for a new trial under Rule 59 did not adequately specify its grounds when it merely stated that "material mistakes of fact occurred in a particular finding or conclusion of law." 274 N.W.2d at 242. There we stated:

> [i]t is not the duty of the trial court on a motion for a new trial to search the record to determine whether or not the evidence is sufficient to sustain a finding. The party making the motion must point out where the evidence is insufficient. (Citation omitted.) The mere assertion that a mistake was made in a particular finding does not meet the specificity requirement.

*Id.*

[¶ 14] We conclude Magic City's motion lacked the level of particularity required by Rule 7(b)(1). In the motion, Magic City made no attempt whatsoever to explain the basis for its request for a new trial. Rather, the motion Magic City submitted contained no grounds at all, not even a general statement of insufficiency of the evidence; it simply informed the trial court that a transcript had been ordered and that Magic City would present its grounds at some later date. Under long standing North Dakota precedent, the document Magic City presented was clearly inadequate because it was not sufficiently precise to inform the opposing party and the court of the question involved. Thus, Magic City's "motion" did not meet the particularity requirement for a valid motion for a new trial.

[¶ 15] Though our case law recognizes two circumstances in which a motion may be valid despite its failure to meet the particularity requirement on its face, neither of those exceptions applies in this case. First, when a party has filed a motion which is defective on its face, supporting papers or briefs filed contemporaneous with the motion detailing grounds with specificity may suffice to meet the particularity requirement. *See, e.g., Eisenbarth v. Eisenbarth*, 91 N.W.2d 186, 188 (N.D.1958); *Fowler*, 177 N.W.2d at 763. In this case, however, Magic City submitted no supporting documents along with its defective new trial motion. Second, this Court has reviewed a motion for a new trial despite its admitted lack of particularity when the opposing party failed to object and the trial court, on its own initiative, determined the "interests of justice" justified review. *Gleson v. Thompson*, 154 N.W.2d 780, 785 (N.D. 1967). Here, Schaan vigorously objected to the motion in the trial court; and Rule 59(g) and (i), N.D.R.Civ.P., provide the proper procedure for the court on its own initiative to vacate a verdict.

[¶ 16] Under our law, it may also be possible for a party to amend a defective motion in order to remedy a lack of specificity. In *Sullwold*, this Court stated a defective motion, duly objected to, may be amended or corrected if there are meritorious grounds. 110 N.W.2d at 459. Magic City did attempt to amend its motion; on April 12, 1999, Magic City requested an extension of time to file an amended motion for a new trial and eventually filed that amended motion on April 16, 1999. However, we conclude Magic City's request for an extension was untimely, and therefore, its amended motion was also untimely and could not remedy the insufficiency of its earlier motion.

[¶ 17] Rule 59(c)(2) allows the trial court to extend the time to file a motion for a new trial beyond the 60 days allowed by that rule when a party shows good

cause. Rule 59(c)(2) does not, however, expressly state such an extension may be granted upon motion made after the original 60–day time period has expired. In contrast, Rule 4(a), N.D.R.App.P., specifically allows the trial court to extend the time to file a notice of appeal upon motion made after the time period for filing the notice has expired. Further, under Rule 6(b)(2), N.D.R.Civ.P., a party may request an extension of time for filing various motions even after the time period has already expired; however, the rule further states that the trial court "may not extend the time for taking any action under Rule[ ] ... 59(c) ... except to the extent and under the conditions stated" therein. Thus, Rule 59(c)(2) is unlike Rule 4(a) and is expressly excluded from Rule 6(b)(2). We conclude the absence in Rule 59(c)(2) of express language permitting a trial court to grant an extension upon motion made after the time for filing a motion for a new trial has expired renders a trial court without power to grant such an extension.

[¶ 18] Magic City filed its motion for an extension of time to file an amended motion for a new trial on April 12, 1999, two weeks after the time for filing a new trial motion under Rule 59 expired. We conclude this motion was untimely and that the trial court was without power to grant the extension when the motion was made after the originally prescribed time period had expired. It follows that Magic City's amended motion for a new trial, filed 18 days after the time period allowed for such motions under Rule 59, was also untimely. Under our rules, the trial court had no power to authorize its delayed filing. Thus, the time for filing an appeal was not tolled by either the insufficiently particular motion Magic City originally filed or the untimely amended motion. Therefore, we are without jurisdiction to consider Magic City's appeal from the trial court's denial of the motion for a new trial.

## III.

[¶ 19] Finally, Schaan contends the trial court abused its discretion in granting Magic City an extension of time to file a notice of appeal and that Magic City's notice of appeal was not timely filed. Thus, Schaan argues Magic City's notice of appeal did not confer jurisdiction on this Court based on a valid extension. We agree.

[¶ 20] Under N.D.R.App.P. 4(a), in a civil case, a notice of appeal "must be filed with the clerk of the trial court within 60 days of service of notice of entry of the judgment or order appealed from." Rule 6(e), N.D.R.Civ.P., permits three days to be added to this time limit for service by mail. Rule 4(a) allows the trial court to extend the time allowed for filing a notice of appeal by up to 30 days, but the time period may not exceed 90 days from the date of service of notice of entry of judgment. *In the Interest of J.S.*, 1998 ND 92, ¶ 10, 578 N.W.2d 91.

[¶ 21] Under Rule 4(a), the filing of a timely motion under Rule 59 tolls the running of the time for filing a notice of appeal. However, because Magic City failed to file a proper Rule 59 motion, the time for filing a notice of appeal was not tolled and expired on March 29, 1999. Magic City requested an extension of time to file its notice of appeal on April 12, 1999. As explained above, Rule 4(a) expressly allows the trial court to grant such an extension after the original time for filing a notice of appeal has expired.

[¶ 22] To receive an extension of time under Rule 4(a), a party must show the failure to file a timely notice of appeal was the result of excusable neglect. We will not set aside a trial court's order on a motion for an extension of time based on excusable neglect absent an abuse of discretion. *K & K Implement, Inc. v. First Nat'l Bank, Hettinger, North Dakota*, 501 N.W.2d 734, 737 (N.D.1993). A trial court abuses its discretion when it acts arbitrarily, unconscionably or unreasonably. *Nas-*

*trom v. Nastrom,* 1998 ND 75, ¶ 6, 576 N.W.2d 215. In this case, the trial court granted Magic City's motion for an extension of time to file a notice of appeal "for good cause shown" and for "other excusable neglect as set forth in the affidavit" submitted by Magic City's trial counsel. We conclude, under the circumstances, the trial court abused its discretion in granting Magic City an extension of time to file a notice of appeal.

[¶ 23] First, the trial court's order was based, in part, on good cause shown. Yet, in *Hagert v. Hatton Commodities, Inc.,* this Court expressly stated that under Rule 4(a), "[t]he sole ground for granting an extension of time for filing a notice of appeal under our rule is excusable neglect" and that "good cause is not a ground for granting an extension." 421 N.W.2d 473, 475 (N.D.1988). Thus, the trial court's order contradicted both the express language of Rule 4(a) and our clear precedent interpreting that rule.

[¶ 24] Second, we conclude the trial court's determination excusable neglect existed in this case was unreasonable. This Court has stated that to establish excusable neglect a party must show "unique or extraordinary circumstances" caused the delay in filing. *Nastrom,* 1998 ND 75, ¶ 8, 576 N.W.2d 215. In *Hagert,* we affirmed a trial court order denying an extension of time to file a notice of appeal because the requesting party did not show the failure to file was the result of excusable neglect. 421 N.W.2d at 476. In that case, the circumstances proffered as amounting to excusable neglect included clerical error, the resignation of a lawyer who had been handling the matter, and that the appeal was prepared by a law school graduate who was studying for the bar and was distracted by an illness in his family. *Id.* at 475–476. We affirmed the trial court's conclusion that neither clerical error nor the press of an attorney's work load or other commitments constitute excusable neglect. *Id.* at 476. Rather, we stated, the failure was "one of those careless omis-

sions to which everyone is indeed subject, but which do not excuse inaction." *Id.* at 476 (quoting *Nichols–Morris Corp. v. Morris,* 279 F.2d 81, 83 (2nd Cir.1960)).

[¶ 25] Similarly, in *Nastrom,* this Court affirmed a trial court determination excusable neglect did not exist where counsel failed to timely file a notice of appeal because he was not satisfied certain testimony was inaccurate until more than 60 days after notice of entry of judgment. 1998 ND 75, ¶ 6, 576 N.W.2d 215. We noted Nastrom's claim of excusable neglect was not reasonably supported by evidence when she failed to produce evidence she claimed existed showing the testimony was untruthful and never explained why it took so long to find such evidence. *Id.* at ¶ 8.

[¶ 26] In this case, the trial court's order stated no reasoning regarding the showing of excusable neglect, but incorporated an affidavit submitted by Magic City's trial counsel. In this affidavit, Magic City's trial counsel claims Magic City could not meet post-trial filing deadlines because a transcript of the trial was unavailable. Counsel explains Magic City consulted with another attorney regarding a possible appeal and then decided to order a transcript. The affidavit states Magic City ordered the trial transcript on February 26, 1999, and that the transcript was completed approximately five and one-half weeks later, on April 5, 1999.

[¶ 27] The jury returned its verdict against Magic City on November 14, 1998. Magic City admits it waited over three months following the verdict, until late February, to order a trial transcript. The affidavit incorporated in the trial court's order merely states that Magic City believed obtaining a transcript was necessary to prepare an appeal; it does not explain Magic City's decision to delay for so long in making that determination. An unexplained delay in ordering a transcript is simply not a unique or extraordinary circumstance which would justify a finding of excusable neglect. Instead, as in *Hagert,* it is an omission which does not

excuse inaction. Thus, the affidavit offers no actual evidence of excusable neglect and the trial court's order contains no reasoning, beyond its incorporation of the affidavit, to explain its conclusion excusable neglect existed. Therefore, we conclude the trial court abused its discretion in allowing Magic City an extension of time to file a notice of appeal.

[¶ 28] We conclude Magic City's notice of appeal filed on April 26, 1999, was untimely because the trial court's extension was an abuse of discretion. Thus, this Court lacks jurisdiction to review the judgment entered by the trial court.

## IV.

[¶ 29] In this case, Magic City failed to provide the required level of particularity in the motion it filed and also disregarded numerous filing deadlines established by our rules. As a consequence, this Court is without jurisdiction to hear its appeal from the order denying the motions and from the judgment. We, therefore, dismiss.

[¶ 30] CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ. concur.

VANDE WALLE, Chief Justice, concurring in part and dissenting in part.

[¶ 31] I concur in the result reached in parts I and II of the majority opinion. I respectfully dissent to part III and would affirm the trial court's order granting the motion for extension of time to file a notice of appeal.

[¶ 32] Although I agree with the majority's extensive analysis of Magic City's motion for a new trial or judgment notwithstanding the verdict, and its conclusion that the first motion failed as a motion because it did not state its grounds with particularity, and the second motion was not timely, the analysis does not require we reverse on the issue of excusable neglect in the appeal from the judgment. To the contrary, I believe the extensive analysis required suggests we affirm rather than reverse on the issue of excusable neglect. As the majority notes, we apply the abuse of discretion standard of review on appeal from an order granting a motion for extension of time in which to file an appeal. Although Magic City undoubtedly made some erroneous assumptions in filing the motions and the notice of appeal, I am not convinced the trial court abused its discretion in extending the time in which to appeal. The matter of the trial transcript permeated the proceedings and was intertwined with the filings of the motions as well as with the appeal. Had the first motion been complete or the second motion been timely made, either would have tolled the time for filing a notice of appeal under N.D.R.App.P.4(a). In this instance, where both the appellant and the trial court believed the motions for JAML or a new trial tolled the time for appeal, and granted the extension of time to appeal as a result of excusable neglect, I defer to the judgment of the trial court and conclude the trial court did not abuse its discretion in granting the extension.

[¶ 33] We have said an abuse of discretion occurs "only when [the trial court] acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination;" *Grinaker v. Grinaker,* 553 N.W.2d 204, 207 (N.D.1996). Although we disagree with the trial court's analysis as to the form and timely filing of the motions, that does not mean the analysis is, nor would I characterize the trial court's order granting the motion to extend the time for appeal as, arbitrary, unconscionable, or unreasonable, nor would I characterize it as irrational under these circumstances. Because we prefer to hear appeals on their merits, e.g., *Liebelt v. Saby,* 279 N.W.2d 881, 884 (N.D.1979), and we construe the statutes and the rules governing the right to appeal liberally, *e.g., First Trust v. Conway,* 345 N.W.2d 838 (N.D.1984), we should allow the trial court wide discretion when it grants an extension of time in which to appeal.

[¶ 34] The majority opinion cites several cases in which we have affirmed a trial court's denial of the extension of time in which to appeal. I am aware of no cases, prior to this case, in which we have reversed an order granting the extension. Mistakes may constitute excusable neglect. *See, e.g., K & K Implement v. First Nat. Bank*, 501 N.W.2d 734 (N.D.1993) (allowing plaintiff to file late notice of appeal as to remaining defendants because plaintiff and attorney clearly intended to appeal judgment as to all defendants); *Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45 (N.D.1988) (allowing defendant filing untimely notice of appeal to benefit from Supreme Court's determination on appeal). Here, too, the intent of Magic City was clear and I would not reverse in this case.

[¶ 35] With regard to the merits of the appeal from the judgment, Magic City complains that Schaan did not prove discharge based on discrimination due to age, that Schaan did not establish the essential element of replacement by a younger employer, and that the verdict form and supporting instructions do not properly frame the discharge issue. The final instructions and verdict form were not objected to at trial yet Magic City complains no "at-will employment" instruction was given. None was requested at trial. *Compare Schuhmacher v. North Dakota Hosp. Ass'n*, 528 N.W.2d 374, 382 (N.D.1995) (reversing jury verdict for among other matters, the refusal by the trial court to instruct on the "at-will" termination statute, N.D.C.C. § 34-03-01 when requested). Magic City raised the issue in a post-trial brief but that brief was filed *after* the decision. *Compare Matter of Estate of Luken*, 551 N.W.2d 794, 799 (N.D.1996) (holding issue raised in post-trial brief which trial court considered *before* issuing its order is properly before Supreme Court on appeal).

[¶ 36] The evidence combined with the instructions and jury form which became the "law of the case," *e.g., Erickson v. Schwan*, 453 N.W.2d 765, 769 (N.D.1990);

*Jore v. Saturday Night Club, Inc.*, 227 N.W.2d 889 (N.D.1975); Rule 51, N.D.R.Crim.P., arguably support the jury verdict. Because we view the verdict in light of the established law of the case, *c.f., Deichert v. Fitch*, 424 N.W.2d 903, 905 (N.D.1988), I would affirm the judgment.

[¶ 37] WILLIAM A. NEUMANN, J., concurs.