**AMERICAN GENERAL FINANCE CORPORATION, Appellant,**

v.

**PARKWAY BANK AND TRUST COMPANY, Appellee.**

No. 74–1952.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1975.

Decided June 30, 1975.

D. Sherman Cox, St. Louis, Mo., for appellant.

Richard J. Sheehan, Susman, Stern, Agatstein, Heifetz & Gallop, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

On April 20, 1972, American General Finance Corporation [American General] executed an agreement whereby it undertook to guarantee loans made by Parkway Bank and Trust Company [Bank] to Sayre & Fisher Company [Sayre]. The agreement provided in part that American General guaranteed the prompt payment of

* * * any and all indebtedness or other obligations for the payment of money * * * *now or hereafter existing,* * * * *together with any and all extentions* [sic] *or renewals thereof.* (Emphasis supplied.)

On July 26, 1972, Sayre executed a promissory note in the amount of $100,-000 in favor of the Bank. Sayre defaulted on that note, and the Bank brought this action against American General to enforce the guaranty agreement.

Both parties moved for summary judgment. The sole ground asserted by American General in its motion for summary judgment was its contention that it was a "surety" within the meaning of Missouri law, and that the Bank's failure to commence suit against Sayre within thirty days of receipt of American General's "Notice to Commence Suit" barred

any action against American General under V.A.M.S. § 433.030. The District Court held that American General was not a surety within the meaning of Missouri law, and that § 433.030 did not bar the action.[1] The court then granted summary judgment for the Bank.

American General now contends that the grant of summary judgment was erroneous because the guaranty agreement did not cover prior indebtedness and, in fact, $57,000 and the $100,000 loan predated execution of the agreement. We reject this contention for two reasons. First, it is axiomatic that issues not presented to the trial court will not be considered on appeal. *See, e. g., Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 184 (8th Cir. 1975); *United States v. John,* 508 F.2d 1134, 1140 (8th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1948, 44 L.Ed.2d 448 (1975). *See also Smith v. American Guild of Variety Artists,* 368 F.2d 511, 514 (8th Cir. 1966), *cert. denied,* 387 U.S. 931, 87 S.Ct. 2052, 18 L.Ed.2d 991 (1967), and cases cited therein. American General's claim that the guaranty agreement did not cover prior indebtedness has never been presented to the District Court.[2]

Second, it is our view that the language of the guaranty agreement is clear and unambiguous, and that it was intended to cover prior indebtedness. Thus, this is not an occasion for abrogation of the issue-preclusion rule, "where the obvious result would be a plain miscarriage of justice." *Hormel v. Helvering,* 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941). We are satisfied that there has been no injustice in the District Court's entry of judgment.

Affirmed.

1. Counsel for American General conceded at oral argument that this issue was properly decided by the District Court, and no appeal has been taken from the determination.

2. Counsel for American General urges that the defense of prior indebtedness was not raised before the District Court because he was not aware until the time of summary judgment that $57,000 had been loaned previous to the signing of the guaranty agreement. This contention is without merit. Counsel's own affidavit in support of summary judgment alleged that

* * * at the time that defendant guaranteed Sayre & Fisher Company's liability on April 20, 1972, * * * the Sayre & Fisher Company *was already indebted* to the plaintiff in an amount in excess of $50,000 * * *. (Emphasis supplied.)

This affidavit was filed four months prior to the court's entry of summary judgment.