1997 ND 202

**Barbara J. BRAATEN for the heirs and next of kin of Arnold Lyle Boomgaarden, Plaintiff and Appellant,**

v.

**DEERE & COMPANY, incorporated in the State of Delaware and George Boomgaarden, individually, Defendants and Appellees.**

Civil No. 970080

Supreme Court of North Dakota.

Oct. 21, 1997.

John P. Clifford (argued) and Dennis R. Johnson, of Meshbesher & Spence, Ltd., Minneapolis, MN and appearance by Steven L. Latham, Bismarck, for plaintiff and appellant.

Eric J. Magnuson (argued), Sheryl Ramstad Hvass and John M. Bjorkman, of Rider, Bennett, Egan & Arundel, LLP, Minneapolis, MN, and appearance by Stephen D. Easton, Bismarck, for defendant and appellee Deere & Company, Inc.

Jay Fiedler, of Pearson, Christensen, Larivee, Clapp, Fiedler & Fischer, Grand Forks, for defendant and appellee George Boomgaarden.

Charles L. Neff, of Neff Cresap Rathert Eiken & Irigoin, P.C., Williston, for amicus curiae the North Dakota Trial Lawyers Association in support of appellant Barbara J. Braaten. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Barbara J. Braaten, personal representative for the estate of Arnold Lyle Boomgaarden, appealed from the Judgment of the Stutsman County District Court dismissing her wrongful death action. The district court concluded North Dakota's two-year statute of limitations for wrongful death actions may be tolled under the doctrine of equitable tolling, but found that because of Braaten's lack of good faith, tolling was not warranted. We agree tolling is not warranted in this case and we affirm.

## I

[¶ 2] On May 10, 1993, Arnold Lyle Boomgaarden was killed while operating a tractor manufactured by Deere & Company and owned by his brother, F. George Boomgaarden. Braaten was appointed personal representative for the estate of Arnold Boomgaarden. On May 4, 1995, just six days before the two-year statute of limitations was to expire, Braaten filed a wrongful death action against Deere & Company and George Boomgaarden in United States District Court for the District of North Dakota, Southeastern Division.

[¶ 3] On July 17, 1995, the federal district court dismissed Braaten's claim because the court lacked diversity jurisdiction. *See* 28 U.S.C. § 1332 (1994). The federal district court ruled under the diversity statute the domicile of decedent Boomgaarden, not of Personal Representative Braaten, was dispositive.

[¶ 4] On July 19, 1995, 70 days after the statute of limitations expired, Braaten filed a similar action in Stutsman County District Court. After answering the Complaint in the state action, both defendants filed motions to dismiss for failure to state a claim upon which relief can be granted, claiming the action was barred by North Dakota's two-year wrongful death statute of limitations.

[¶ 5] Braaten argued although the state action was untimely, the doctrine of equitable tolling should allow her to file her state cause of action. The district court agreed and issued an order denying Defendants' motions to dismiss. The district court concluded the doctrine of equitable tolling was recognized in North Dakota, and the facts satisfied the three-part test discussed in *Burr v. Trinity Med. Ctr.*, 492 N.W.2d 904, 910 (N.D.1992) (quoting *Addison v. State*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 226–28, 578 P.2d 941, 943–44 (1978) of (a) timely notice, (b) lack of preju-

dice to defendant, and (c) reasonable, good-faith conduct by plaintiff).

[¶ 6] Subsequently, the district court certified two questions to this Court. *Braaten v. Deere & Co., et al.*, 547 N.W.2d 751 (N.D. 1996).

"1. Whether the trial court has authority to adopt the doctrine of equitable tolling to prevent the running of the statute of limitations in a statutorily created wrongful death action where the legislature has fixed the limitations period for commencing a cause of action.

\*   \*   \*   \*   \*   \*

"2. Whether equitable tolling prevents the statute of limitations from barring a claim where a cause of action is timely commenced in Federal Court but subsequently dismissed for lack of diversity jurisdiction and the same cause of action is then commenced in State Court after the expiration of the two year statute of limitations period."

*Id.* at 752. We declined to answer the questions because our decision may not have wholly disposed of the case as required by rule and precedent. *Id.* at 752.

[¶ 7] After our opinion, the district court reversed its initial order and granted Defendants' motions for summary judgment. Although concluding the doctrine of equitable tolling was recognized in North Dakota, the court found Braaten's initial filing in federal district court was not in "good faith," and Braaten thus failed to satisfy the requirements for application of equitable tolling. *Burr*, 492 N.W.2d at 910.

## II

[¶ 8] Braaten challenges the district court's finding she did not act in good faith. Deere and Boomgaarden respond by arguing the district court lacked the authority to adopt equitable tolling as an exception to an unambiguous state statute of limitations.[1]

---

1. Both parties frame the issue in terms of the "authority" of the district court. Article VI, section 8 of the North Dakota Constitution grants the legislature the power to limit the jurisdiction of the district courts. N.D. Const. art. VI, § 8 (providing "[t]he district court[s] shall have original jurisdiction of all causes, except as otherwise

provided by law....."). The North Dakota Century Code gives the district courts all the powers of courts of law and equity. N.D.C.C. § 27–05–06(3) (Supp.1997). This Court has, however, also identified limits to this equitable power. *Burr v. Trinity Med. Ctr.*, 492 N.W.2d 904 (N.D. 1992). We recognized it is inappropriate to

We need not consider the issue of whether adopting equitable tolling is appropriate, because, if the doctrine was recognized in North Dakota, it would not be applied in this case.

[¶ 9] The district court concluded Braaten's imprudent filing in federal district court prevented application of equitable tolling. Braaten does not dispute she filed initially in federal court in order to attain a more convenient and "neutral" forum. Thus, we review the district court's conclusion in terms of whether the court abused its discretion. *See State ex rel. v. SERB*, 78 Ohio St.3d 181, 677 N.E.2d 343, 346 (1997) (concluding State Employment Relations Board did not abuse its discretion in refusing to apply the doctrine of equitable tolling). An abuse of discretion occurs when a court "acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process." *Anderson v. A.P.I. Co. of Minnesota*, 1997 ND 6, ¶ 18, 559 N.W.2d 204.

[¶ 10] North Dakota's wrongful death statute of limitations provides:

"The following actions must be commenced within two years after the claim for relief has accrued:

\*      \*      \*      \*      \*      \*

"4. An action for injuries done to the person of another, when death ensues from such injuries, and the claim for relief must be deemed to have accrued at the time of the death of the party injured...."

N.D.C.C. § 28–01–18(4) (1991). *See Sheets v. Graco, Inc.*, 292 N.W.2d 63, 67 (N.D.1980) (applying two-year statute of limitations in section 28–01–18(4), N.D.C.C., to wrongful death action under chapter 32–21, N.D.C.C.).

[¶ 11] A wrongful death action was not recognized at common law. *Sheets*, 292 N.W.2d at 67; *Goodleft v. Gullickson*, 556 N.W.2d 303, 306 (N.D.1996). It is purely a creature of statute. *Sheets*, at 69 (Sand, J.,

concurring specially and dissenting). Because a wrongful death action is a right created by statute, it is within the authority of the legislature to eliminate it or limit it. *Cf. Goodleft*, 556 N.W.2d at 307 (holding it is for the legislature, which authorized the wrongful death action in the first instance, to determine if grandparents should be permitted to bring the action). The North Dakota Legislature also has the authority to enact statutes of limitation. *Cf. State v. Ertelt*, 548 N.W.2d 775, 776 (N.D.1996) (holding the legislature may restrict private rights). *See also* 51 Am.Jur.2d *Limitation of Actions* § 12 (1970) (stating "[t]he establishment of statutes of limitation is always a legislative prerogative" even when such limitations periods are enacted without any exceptions). This prerogative especially applies to a right the legislature created in the first instance. *Goodleft*, at 307.

## III

[¶ 12] We have considered the doctrine of equitable tolling before, but refused to adopt it in the context of a medical malpractice action. *Burr*, 492 N.W.2d at 910. In *Burr* we were encouraged to adopt equitable tolling as an equitable exception to North Dakota's two-year malpractice statute of limitations. *Id.* at 907. We held in light of the specific statute and circumstances in *Burr* it would be inappropriate for us to adopt the doctrine of equitable tolling in that case. *Id.* at 910.

[¶ 13] In *Burr*, this Court stated "we are not convinced [ ] it is appropriate for us to adopt and apply the doctrine of equitable tolling to this case, *but were we to do so* Burr would still lose." *Burr*, 492 N.W.2d at 910 (emphasis added). That rationale applies here. The district court decided tolling was not warranted because Braaten did not act in good faith. We need only examine whether the district court abused its discretion in refusing to apply equitable tolling.

"haphazardly fashion equitable remedies with no deference to codified law." *Id.*at 908. Moreover, we have noted the legislature's preference for codified law. *Id.* at 907–08. *See* N.D.C.C. §§ 1–01–03 (stating statutes are preferred over

the common law), and 1–01–06 (stating there is no common law where law is declared by code). Therefore, while the district court may have the "authority" to invoke its equitable power, the exercise of that authority may be inappropriate.

[¶ 14] In *Burr*, we discussed the California standard for application of the equitable tolling doctrine. *Burr*, 492 N.W.2d at 910 (citing and quoting *Addison v. State*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 226–28, 578 P.2d 941, 943–44 (1978)). In order to apply equitable tolling under this standard the plaintiff must show three things: (a) timely notice, (b) lack of prejudice to the defendant, and (c) reasonable and good-faith conduct on the part of the plaintiff. *Id.* Under the California standard, all three requirements must be met before the doctrine can be used to toll a limitations period. *Id.*

[¶ 15] The district court's refusal to apply equitable tolling relied on Braaten's tactical decision to file in federal court. While the choice of a forum, alone, does not show a lack of good faith, it creates a reasonable inference of forum shopping. *See* 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3637 (2d ed.1985) (stating "[i]f a choice of forum exists, there is nothing improper in taking account of [ ] tactical considerations . . . in making that choice"). While there is nothing inherently wrong with choosing what the plaintiff believes to be the most advantageous forum, the district court was entitled to closely examine Braaten's decision to file in federal court.

[¶ 16] Braaten claims she was arguing a questionable issue of diversity jurisdiction. She cites as support *Mexican Cent. Ry. Co. v. Eckman*, 187 U.S. 429, 434–36, 23 S.Ct. 211, 213–14, 47 L.Ed. 245 (1903), holding a guardian had the right to bring an action in his own name relying on his own citizenship to establish jurisdiction, and not on the citizenship of the ward. But Braaten's reliance on a 1903 United States Supreme Court case does not create an arguable issue of diversity jurisdiction in the face of a contrary federal diversity statute. 28 U.S.C. § 1332(c)(2) (1994) (providing "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the

decedent. . . ."). Imprudent legal practice is not reasonable conduct and would not invoke equitable tolling.[2]

[¶ 17] The district court's conclusion is consistent with our discussion in *Burr*, 492 N.W.2d at 910–11. In *Burr* the federal court had pendent jurisdiction over the state claim because the state law wrongful death claim was brought along with federal claims against government defendants. *Id.* at 906. Once the federal claims were settled, the state claim was dismissed for lack of subject matter jurisdiction. *Id.* In the present case, the federal court never had jurisdiction over Braaten's claim. To allow equitable tolling here, when we did not in *Burr*, would reward poor legal research and further discourage the settlement of claims.

[¶ 18] Moreover, as we recognized in *Burr*, the plaintiff was made aware she lacked diversity jurisdiction shortly after the medical defendants' filed their answers. *Id.* at 911. Here, Braaten should have been aware of severe jurisdictional problems in June of 1995 when Deere and Boomgaarden each filed motions to dismiss for lack of diversity jurisdiction. Instead of trying to protect her lawsuit by filing an immediate state claim, Braaten sat on her hands for over a month, waiting for a certain dismissal from federal court. "Reasonable action in light of those [motions] dictated that she file her [ ] claim in state court." *Id.* at 911. Persisting in a jurisdictional posture while waiting for a federal court to make an inevitable ruling is unreasonable when the limitations statute is poised to terminate the lawsuit.

[¶ 19] On this record, we agree with the district court that Braaten has failed to establish reasonable and good-faith conduct. Because she has failed to meet one of the elements of equitable tolling, we need not decide whether it is appropriate for the district court to equitably toll an unambiguous statute of limitations. *Erickson v. Croft*, 233 Mont. 146, 760 P.2d 706, 709 (1988) (declining to address whether Montana recognizes equitable tolling since plaintiff failed to establish

2. We have provided relief from a judgment or order when the party's failure to follow procedural rules is the result of excusable neglect. *N.D. R. Civ. P. 60(b)*. *See Thompson v. Goetz*, 455 N.W.2d 580 (N.D.1990) (holding lawyer's mental or emotional incapacities are appropriate grounds for vacating default judgment). When a party shows disregard for procedural requirements, we will not excuse such neglect. *See First Am. Bank & Trust v. McLaughlin Invs.*, 407 N.W.2d 505 (N.D.1987) (holding disregard of legal process is not ordinarily excusable neglect).

an element of the equitable tolling doctrine). Nor is it necessary to consider the parties' arguments relating to the other elements of the doctrine. *Id.*

[¶ 20] We conclude the district court did not abuse its discretion when it refused to apply equitable tolling and we affirm the Judgment.

[¶ 21] MESCHKE, NEUMANN and SANDSTROM, JJ., and RALPH R. ERICKSON, District Judge, concur.

[¶ 22] RALPH R. ERICKSON, District Judge, sitting in place of MARING, J., disqualified.