2000 ND 108

**Wayne REID and Ann Reid, Plaintiffs and Appellants,**

v.

**CUPRUM SA, de C.U., Defendant and Appellee.**

No. 990338.

Supreme Court of North Dakota.

May 25, 2000.

B. Kent Buckingham (argued), Midland, TX, and Michael J. Maus (appeared), Hardy, Maus & Nordsven, Dickinson, for plaintiffs and appellants.

Michael C. Waller, Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Wayne and Ann Reid appealed from a judgment dismissing their products liability action against Cuprum SA, de C.U. The Reids ask this Court to adopt and apply the doctrine of equitable tolling of a statute of limitations to their action. We need not decide whether to adopt the doctrine, because the Reids do not meet the requirements for its application. We affirm.

I

[¶ 2] In a complaint dated February 6, 1996, the Reids alleged Wayne Reid was seriously injured on June 9, 1992, while properly using a defective stepladder designed, manufactured, marketed, sold, and placed into the stream of commerce by Cuprum. The Reids alleged Cuprum

> is a foreign corporation doing business in the State of North Dakota at all relevant times hereto, although not registered to do so, with its principal place of business located at Diego Diaz de Berlanga, No. 132, Nogalar, San Nicolas de los Garza, Monterrey, N.L., Mexico CP 66480. Said Defendant is engaged in business in this state, but has neither designated nor maintained a resident agent for service of process.

[¶ 3] On February 15, 1996, the sheriff of Stark County signed a return indicating the summons and complaint had been delivered to him for service on February 13, 1996, and after search and inquiry, he was unable to find or make personal service on Cuprum in North Dakota.

[¶ 4] On May 14, 1996, the Reids filed the summons, complaint, and sheriff's return in the District Court for Stark County. The summons was published in the Dickinson Press for three consecutive weeks beginning on May 17, 1996. On May 21, 1996, the Reids moved the court

under N.D.R.Civ.P. 4(f)(3)[1] for an order regarding the method of service of process. The Reids proposed service by publication under N.D.R.Civ.P. 4, together with mailing the summons and complaint to Cuprum and forwarding a separate summons and complaint to Cuprum by Federal Express.

[¶ 5] On May 29, 1996, the Reids withdrew their motion for an order regarding the method of service of process, and they moved to extend the statute of limitations from June 9, 1996, to June 9, 1997. In support of their motion, the Reids claimed they had attempted to serve Cuprum by several methods, the exclusive procedure for service in Mexico was under the Inter–American Convention on Letters Rogatory, service by that procedure would take six to twelve months, they had filed the complaint and served Cuprum by mail, Federal Express and publication, and the statute of limitations for their claim would expire on June 6, 1996, unless extended by the court.[2] The trial court initially extended the statute of limitations for one year. On June 18, 1996, Cuprum specially appeared through counsel, claiming the court lacked personal jurisdiction over it and there was insufficient service of process. Cuprum moved to vacate the court's order extending the statute of limitations. In September 1996, the court granted Cuprum's motion to vacate the extension.

[¶ 6] In December 1997, the District Court Administrator mailed to the parties' counsel a notice of intent to dismiss without prejudice under N.D.R.Civ.P. 40(e). The Reids' counsel submitted a December 12, 1997 affidavit, stating:

2. In September of 1996, Letter Rogatory Forms signed by the Judge were submitted to APS International, Ltd., for purpose of service upon the Defendant.

3. On November 5, 1996, the undersigned received confirmation that the documents were transmitted to appropriate authorities for service abroad through diplomatic channels. The estimated time frame for service was up to one year. It was noted, however, that it was not unusual for service to take over one year.

4. On July 30, 1997, the undersigned was informed that confirmation had not been received from the Office of Foreign Litigation at the U.S. Department of Justice that the foreign authorities had returned a response. A letter of inquiry was sent to the U.S. Department of Justice.

The trial court declined to dismiss the Reids' action under N.D.R.Civ.P. 40(e), stating "an action is not commenced until service of a summons (Rule 3, N.D.R.Civ.P.), and if there is no action pending there is no need to enter an order of dismissal."

[¶ 7] Service of process was effectuated on Cuprum on December 10, 1998, under N.D.R.Civ.P. 4(f)(1), *see* fn. 1, and the Inter–American Convention on Letters Ro-

---

1. Rule 4(f), N.D.R.Civ.P., provides, in part:

   *(f) Service Upon a Person in a Foreign Country.*
   Unless otherwise provided by law, service upon an individual, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
   (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
   . . . .
   (3) by any other means not prohibited by international agreement as may be directed by the court. . . . Unless otherwise provided by law, service must be effected upon a foreign corporation, partnership or other unincorporated association, that is subject to suit under a common name, in a place not within any judicial district of the United States in the manner prescribed for individuals in this subdivision except personal delivery as provided in paragraph (2)(C)(i).

2. When they filed the motion, the Reids believed their action was subject to a four-year statute of limitations. Both the Reids and Cuprum now agree the action is subject to a six-year statute of limitations under N.D.C.C. § 28–01–16.

gatory. Cuprum then answered and moved for summary judgment, claiming the Reids' action was barred by the six-year statute of limitations in N.D.C.C. § 28–01–16. The Reids resisted Cuprum's motion to dismiss, arguing their attempts to serve Cuprum within the statute of limitations constituted commencement' of the action under N.D.C.C. § 28–01–38, and, alternatively, the statute of limitations was equitably tolled.

[¶ 8] The trial court initially decided the Reids had not met all the requirements for application of the doctrine of equitable tolling. On reconsideration, the court decided the Reids met all the requirements for equitable tolling, but declined to apply the doctrine because North Dakota has not enacted a "savings statute" and has not judicially adopted the doctrine. The court also rejected the Reids' argument. their attempts to serve Cuprum within the statute of limitations constituted commencement of the action under N.D.C.C. § 28–01–38. The Reids appealed.

## II

[¶ 9] Relying on *Braaten v. Deere & Co.*, 1997 ND 202, 569 N.W.2d 563, and *Burr v. Trinity Med. Ctr.*, 492 N.W.2d 904 (N.D. 1992), the Reids argue the doctrine of equitable tolling of the statute of limitations should be adopted and applied to this case.[3] The Reids argue they diligently and persistently asserted their rights from the moment they were sure they had a valid claim against Cuprum, and there was no way to predict or control the more than two years necessary to effect service on Cuprum. The Reids argue these extraordinary circumstances and the interests of justice require application of the doctrine of equitable tolling to allow their claims to proceed.

[¶ 10] In both *Braaten*, 1997 ND 202, ¶ 14, 569 N.W.2d 563, and *Burr*, 492 N.W.2d at 910, we cited *Addison v. State*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941, 943–44 (1978), for the California standard that application of the doctrine of equitable tolling requires the plaintiff to show three things: (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good-faith conduct on the part of the plaintiff. We decided the facts of both *Braaten* and *Burr* did not warrant application of the doctrine.

[¶ 11] In *Braaten*, 1997 ND 202, ¶ 20, 569 N.W.2d 563, we concluded a trial court did not abuse its discretion in refusing to apply the doctrine of equitable tolling. We said the plaintiff did not act in good faith in initially claiming federal diversity jurisdiction and filing an action in federal court, because there was no arguable issue of federal jurisdiction under a federal diversity statute and the plaintiff's "[i]mprudent legal practice is' not reasonable conduct and would not invoke equitable tolling." *Id.* at ¶ 16. We said the plaintiff should have been aware of severe jurisdictional problems when the defendants filed motions to dismiss the federal action for lack of diversity jurisdiction, and, instead of trying to protect her lawsuit by filing an immediate state claim, the plaintiff waited for over a month for certain dismissal by the federal court. *Id.* at ¶ 18. We concluded the plaintiff failed to establish reasonable and good-faith conduct necessary for equitable tolling. *Id.* at ¶ 19.

[¶ 12] In *Burr*, 492 N.W.2d at 906, a plaintiff initially filed an action against government and medical defendants in federal court. The plaintiff settled with the government defendants. The medical defendants then moved to dismiss, arguing the federal court lacked diversity jurisdiction and pendent party jurisdiction. The federal court dismissed without prejudice the plaintiff's action against the medical defendants, and, three months later, the plaintiff sued the medical defendants in North Dakota state court. The state court

---

**3.** On appeal the Reids do not argue their attempts to serve Cuprum within the statute of limitations is equivalent to the commencement of the action under N.D.C.C. § 28–01–38.

dismissed the plaintiff's action against the medical defendants as time barred. We affirmed the dismissal, ruling even if we were to apply the doctrine of equitable tolling, the plaintiff would still lose because she did not satisfy all of the requirements of the doctrine. *Id.* at 910–11. We concluded the plaintiff was not diligent and her failure to conduct any discovery vis-a-vis the medical defendants was prejudicial to those defendants. *Id.*

[¶ 13] Here, the trial court decided the Reids had met all the requirements for equitable tolling, but declined to apply the doctrine because North Dakota has not enacted a savings statute and has not judicially adopted the doctrine. We conclude the trial court misapplied the requirements for the doctrine and abused its discretion in deciding the Reids met all of those requirements. *See Braaten,* 1997 ND 202, ¶¶ 9, 13, 569 N.W.2d 563 (applying abuse of discretion standard).

[¶ 14] In *Addison,* 146 Cal.Rptr. 224, 578 P.2d at 943 (citations omitted), the California Supreme Court explained California courts have

adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.

In like fashion and more recently, we unanimously held that the statute of limitations on a personal injury action is tolled while plaintiff asserts a workers' compensation remedy against defendant. In such a case, we noted, defendant can claim no substantial prejudice, having received timely notice of possible tort liability upon filing of the compensation claim, and having ample opportunity to gather defense evidence in the event a court action ultimately is filed. We also noted the long settled rule that whenever exhaustion of administrative remedies is a prerequisite to a civil action the running of the limitations period is suspended during the administrative pro-

ceedings and we stated that "regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'"

[¶ 15] *Addison* and subsequent California decisions have said the equitable tolling doctrine operates to protect the claim of a plaintiff who has several legal remedies and, reasonably and in good faith, pursues one of the remedies thereby tolling the limitation for the other remedies. *See, e.g., Maginn v. City of Glendale,* 72 Cal. App.4th 1102, 85 Cal.Rptr.2d 639, 644 (1999); *65 Butterfield v. Chicago Title Ins. Co.,* 70 Cal.App.4th 1047, 83 Cal.Rptr.2d 40, 50 (1999); *Collier v. City of Pasadena,* 142 Cal.App.3d 917, 191 Cal.Rptr. 681 (1983). Under the California formulation, the requirement for timely notice means the claim or proceeding that tolls the statute of limitations must have been timely commenced within the applicable statutory period. *Collier,* 191 Cal.Rptr. at 685.

[¶ 16] We are not persuaded the doctrine of equitable tolling applies to this case, because the Reids' failure to commence their action within the statute of limitations was not the result of their timely pursuit of one of several other available legal remedies which may have tolled the statute of limitations for this action. *See Addison,* 578 P.2d at 943; *Collier,* 191 Cal.Rptr. at 685. Rather, the Reids' failure to commence their action within the statute of limitations resulted from their failure to effectuate timely service of process on Cuprum in this action. Moreover, although the Reids' complaint is dated February 6, 1996, the record reflects they pursued other insufficient procedures for service of process until September 1996 when "Letter Rogatory Forms signed by the Judge were submitted to APS International, Ltd.," for service on Cuprum. Although in May 1996 the Reids moved the trial court under N.D.R.Civ.P. 4(f)(3) for

an order regarding service of process, *see* fn. 1, the Reids withdrew that motion later in May 1996· when they moved to extend the statute of limitations. The Reids did not renew their motion for an order regarding service of process after the trial court vacated its order extending the statute of limitations. The Reids' imprudent legal practice is not reasonable conduct, *see Braaten*, 1997 ND 202, ¶ 16, 569 N.W.2d 563, and their failure· to ask the trial court for direction under N.D.R.Civ.P. 4(f)(3) does not constitute reasonable conduct. Under these circumstances, we conclude even if we were to adopt equitable tolling, the Reids have not met the requirements for application of the doctrine.

[¶ 17] We affirm the judgment dismissing the Reids' action.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.