# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2940

_____

| | | |
|---|---|---|
| Oanh Thach, individually and as | * | |
| Special Administrator of the Estate of | * | |
| Deceased Pearl Wang; Kim Thach, as | * | |
| Special Administrator of the Estate of | * | |
| Deceased Jimmy Hua; Kim Thach, as | * | |
| Special Administrator of the Estate of | * | |
| Deceased Michelle Huynh, | * | |
| | * | |
| Plaintiffs – Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Tiger Corporation | * | |
| | * | |
| Defendant – Appellee, | * | |
| | * | |
| Tiger America Corporation, which will | * | |
| do business in California as Tiger | * | |
| U.S.A. Corporation, doing business as | * | |
| Tiger U.S.A. Corporation; Japan Tiger | * | |
| Corporation of U.S.A., | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: May 11, 2010
Filed: June 23, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.

Oanh and Kim Thach brought this negligence, products liability, and breach of warranty action against Tiger Corporation, the Japanese manufacturer of a rice cooker which allegedly caused a fire at their home. The district court[1] granted Tiger judgment on the pleadings, finding that the Thachs had failed to serve it within South Dakota's three year statute of limitations. The Thachs appeal, contending that the limitations period was tolled when they delivered the summons and complaint to Japan's central authority for processing under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the Hague Convention). We affirm.

I

On December 11, 2004 a JCC rice cooker manufactured by Tiger allegedly caused a fire and damage at the Thachs' Sioux Falls home, seriously injuring Oanh and causing the deaths of Pearl Wang, Jimmy Hua, and Michelle Huyn. Almost three years later, on November 6, 2007 the Thachs filed this action against Tiger and its U.S. distributors, Japan Tiger Corporation of U.S.A. (Tiger U.S.A.) and Tiger America Corporation (Tiger America).

South Dakota provides a three year statute of limitations for product liability actions so the Thachs were required to serve each defendant with a summons and

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

complaint by December 11, 2007. See S.D. Codified Laws §§ 15-2-12.2, 15-2-30. They served Tiger U.S.A. (identified on Tiger's "Global Site" web site as its "Representative Office in [the] U.S.A.") on November 15, 2007 and Tiger America on November 26. Tiger U.S.A. forwarded the summons and complaint to Tiger, and on December 3 the two filed a joint answer contending that Tiger had not been properly served.

The Thachs hired a private process server, APS International, Ltd., to serve Tiger in Japan in accordance with the Hague Convention:

> The Hague Service Convention is a multilateral treaty . . . intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions . . . receive actual and timely notice of suit, and to facilitate proof of service abroad. . . . The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries. 20 U.S.T. 362, T.I.A.S. 6638, Art. 2. Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. Art. 5.

Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698–99 (1988) (some citations omitted).

Japan is a signatory to the Hague Convention, and the Ministry of Foreign Affairs (the Ministry) is its designated central authority. APS delivered the Thachs' summons and complaint with a proper request for service to the Ministry, which stamped it as received on "19.12.07." The summons and complaint were then served on Tiger by mail at its Osaka, Japan headquarters on January 24, 2008,

over a month after the South Dakota limitations period had expired on December 11, 2007.[2]

Tiger moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), asserting that the statute of limitations had run before it was served. In its reply memorandum in support of the motion, Tiger represented that the Ministry date stamp "19.12.07" signified December 19, 2007, showing its receipt of the request for service eight days after the limitations period expired. On appeal the Thachs contend that under the Japanese calendar "19.12.07" is actually equivalent to December 7, 2007, so delivery to the Ministry was timely. They claim that their inability to file a sur reply precluded them from making that argument to the district court.

The district court granted Tiger judgment on the pleadings after concluding that the Thachs had not complied with the statute of limitations. It also granted summary judgment to Tiger America and Tiger U.S.A. on the ground that they could not have distributed the Thachs' rice cooker because they were not yet in existence at the time the Thachs purchased it. The Thachs appeal the grant of judgment on the pleadings to Tiger and request we take judicial notice that:

> (1) The traditional Japanese calendar is based on the reign of its emperors and is used for official governmental documents. (2) The year 2007 AD was the nineteenth year of the Heisei Era, the reign of Emperor Akihito. (3) Therefore, an official Japanese government document stamped with the date "19-12-07" would, under the Western calendar, be December 7, 2007.

---

[2]It is not clear from the record whether the Ministry served Tiger directly or whether it arranged for the Osaka District Court to do so on its behalf.

We may assume without deciding that the Ministry received the request for service when the Thachs say it did, for we conclude that issue does not affect our disposition of this case.

## II

We review de novo a district court's grant of judgment on the pleadings. Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008). Judgment on the pleadings is appropriate if, assuming as true all facts pleaded by the nonmoving party and according it all reasonable inferences, no material issue of fact remains and the moving party is entitled to judgment as a matter of law. Id. Jurisdiction is based on diversity of citizenship, and all parties agree that the substantive law of South Dakota controls. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); see also Paracelsus Healthcare Corp. v. Philips Med. Sys., Nederland, B.V., 384 F.3d 492, 495 (8th Cir. 2004) (statutes of limitations governed by state law in diversity actions).

## A

The Thachs contend that they were unable to serve Tiger within the limitations period because the Hague Convention required them to effect service through the Ministry but did not bind the Ministry to complete service within any specified period of time. They assert that in these circumstances § 15-2-25 should toll the limitations period until the Ministry actually effects service. Under that interpretation of § 15-2-25 the limitations period was tolled on December 7, 2007 when the Ministry received the Thachs' request for service—four days prior to the December 11 deadline.

Section 15-2-25 tolls the limitations period when a plaintiff is prohibited by injunction or statute from commencing an action. See id. ("When the

commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."). The Thachs do not claim that the Hague Convention's requirement that service be effected through the relevant central authority acts as an injunctive or statutory bar on a plaintiff's ability to commence an action. Rather, they assert that the Convention is a positive rule of law that should trigger tolling under § 15-2-25 just like an injunction or statutory prohibition.

That argument finds some support in the South Dakota Supreme Court decision in <u>Loesch v. City of Huron</u>, 723 N.W.2d 694 (S.D. 2006). While discussing the scope of § 15-2-25's tolling provision, the court quoted with approval the California Supreme Court interpretation of Cal. Civ. Proc. § 356, a statute "identical to [§] 15-2-25": "'It is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights.'" <u>Id.</u> at 698 (quoting <u>Dillon v. Bd. of Pension Comm'rs of L.A.</u>, 116 P.2d 37, 39 (Cal. 1941) (Traynor, J.)).

Tiger urges that the Thachs waived reliance on § 15-2-25 by failing to raise it before the district court. Generally, "issues not presented to the trial court will not be considered on appeal." <u>Am. Gen. Fin. Corp. v. Parkway Bank & Trust Co.</u>, 520 F.2d 607, 608 (8th Cir. 1975). Moreover, "where the defendant asserts the statute of limitations as a bar to the action, and presumptively establishes [it], the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the statute." <u>Kurylas, Inc. v. Bradsky</u>, 452 N.W.2d 111, 117 (S.D. 1990).

The Thachs respond that the district court was prevented from considering § 15-2-25 because Tiger erroneously represented that the Ministry had received the

request for service on December 19, 2007, after the limitations period had already run. They claim they were unable to respond to that representation at the time since Tiger first made it in its reply memorandum in support of its motion for judgment on the pleadings. They say that the district court would have considered § 15-2-25 if it had been aware that the Ministry's "19.12.07" date stamp signified December 7, 2007 as they urge.

In granting Tiger judgment on the pleadings, however, the district court did not even mention the December 19, 2007 date. It had no reason to, for the date that the Ministry received the Thachs' request for service had no relevance to the arguments then before the court. The burden of raising § 15-2-25 for the court's consideration and of developing the relevant facts rested not with Tiger, but with the Thachs. See Kurylas, 452 N.W.2d at 117. As Tiger stresses, the Thachs failed to discuss, mention, or cite § 15-2-25 to the district court. Accordingly, they are precluded from invoking it now. See Am. Gen. Fin. Corp., 520 F.2d at 608.

B

While the Thachs also contend that delivery of their request for service to the Ministry tolled the limitations period under § 15-2-31, Tiger argues that that statute does not apply to international service. South Dakota law directs us to the statute's plain language to resolve that issue, for the Thachs do not claim that the statute is ambiguous. See Fin-Ag, Inc. v. Cimpl's Inc., 754 N.W.2d 1, 22 (S.D. 2008). Section 15-2-31 provides:

> An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, . . . to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by

-7-

the first publication of the summons, or the service thereof, within
sixty days.

Thus, delivery of the summons to "the sheriff or other officer of the [applicable] county" before the limitations period expires extends the period for 60 days, provided service or publication is actually completed within 60 days.  See Meisel v. Piggly Wiggly Corp., 418 N.W.2d 321, 323 (S.D. 1988) (construing § 15-2-31).

The Thachs assert that in cases of international service the central authority of a foreign defendant's home state is equivalent to "the sheriff or other officer of the [applicable] county" in § 15-2-31.  The plain language of § 15-2-31 does not support that interpretation, however, because it gives no indication that international service is contemplated.  Section 15-2-31 limits the permissible recipients of the summons to "the sheriff or other officer of the county," not the country.  (Emphasis added).

Had the South Dakota legislature intended § 15-2-31 to apply to international service, we must assume that it would have expressed that intention as it has elsewhere.  In S.D. Codified Laws § 15-6-4(d)(9), for example, the legislature addressed international service explicitly by providing that personal service on "a person or business entity in a foreign country . . . shall be made . . . [b]y an internationally agreed means reasonably calculated to give notice [if one exists], such as those means authorized by the Hague Convention on the service abroad of judicial and extrajudicial documents."

We rejected an almost identical contention in Paracelsus.  In that case it was argued that delivery to the relevant central authority triggered tolling under N.D. Cent. Code § 28-01-38, a statute that is virtually the same as § 15-2-31.  See 384 F.3d at 495–96.  Compare S.D. Codified Laws § 15-2-31, with N.D. Cent. Code § 28-01-38 (limiting permissible recipients to "the sheriff or other officer . . . of the county").  In Paracelsus, we found the plain language of § 28-01-38 controlling

because North Dakota courts had never construed it more broadly.  Paracelsus, 384 F.3d at 496.  Here too, we are constrained by § 15-2-31's plain language in the absence of any liberal construction by South Dakota courts.

Although the Thachs do not suggest that South Dakota courts have interpreted § 15-2-31 broadly in the past, they argue that the statute's service of process requirements can be satisfied through substantial compliance. Under this theory, tolling was triggered under § 15-2-31 by their good faith attempts to effect service in conjunction with the actual notice that Tiger received when Tiger U.S.A. forwarded it the complaint.  In support of their argument the Thachs cite Wagner v. Truesdell, 574 N.W.2d 627 (S.D. 1998), where the South Dakota Supreme Court held that "[a]ctual notice coupled with substantial compliance is sufficient to satisfy personal service of process requirements."  Id. at 629.

We concluded, however, in Marshall v. Warwick, 155 F.3d 1027 (8th Cir. 1998), that South Dakota courts would not extend Wagner's holding to cases of substituted service because "only strict compliance with the requirements of substituted service of process will sufficiently reduce th[e] risk" of "involving an unsuspecting defendant in a lawsuit about which [he] did not have notice."  Id. at 1031.  The South Dakota Supreme Court subsequently confirmed our conclusion in Lekanidis v. Bendetti, 613 N.W.2d 542, 546–47 (S.D. 2000) (requiring strict compliance with the substitute service requirements of S.D. Codified Laws § 15-7-7 and adopting Marshall's rationale).  Then in Edsill v. Schultz, 643 N.W.2d 760 (S.D. 2002), it unequivocally rejected the contention that substantial compliance with § 15-2-31 in particular is sufficient to trigger tolling when the defendant is served by substituted service.  Id. at 763.

Substituted service by mail was effected upon Tiger, and in such circumstances South Dakota law requires strict compliance with § 15-2-31.  See id. We therefore conclude that delivery of the Thachs' request for service to the

Ministry on either December 7 or 19 did not toll the limitations period under § 15-2-31 before its expiration on December 11, 2007.[3] Actual service was not effected on Tiger until January 24, 2008.

C

Tiger argues that the Thachs' attempts to serve it were also insufficient to toll the limitations period on equitable grounds. The Thachs neither raised this argument below nor advanced it in their opening brief on appeal. Although Tiger does not assert that the issue is waived, South Dakota law appears to dictate that in these circumstances. See Homestake Mining Co. v. S.D. Subsequent Injury Fund, 644 N.W. 2d 612, 616 (S.D. 2002) (equitable tolling waived if not preserved below). Even if we were to reach the issue, we would conclude that the Thachs were insufficiently diligent to invoke equitable tolling.

The Thachs first attempted to serve Tiger in accordance with the governing international procedure when little more than a month of the limitations period remained. The Ministry did not receive their request for service until four days before the period was set to expire. Although the Thachs may have had no control over how quickly the Ministry served Tiger, expecting it to do so within four days was not reasonable. Cf. Paracelsus, 384 F.3d at 497–98 (equitable tolling unwarranted where plaintiff transmitted request for service to central authority one month before North Dakota limitations period expired because "[the plaintiff] should have recognized the difficulties involved in serving a foreign corporation"). Furthermore, that Tiger received timely notice of the suit through Tiger U.S.A. is

---

[3]As a result, we need not reach the question raised by Tiger whether the Thachs' properly preserved this issue by arguing to the district court that § 15-2-31 was triggered when it delivered the summons and complaint to APS, but not to the Ministry.

insufficient alone to invoke equitable tolling under South Dakota law. See Peterson v. Hohm, 607 N.W.2d 8, 13–14 (S.D. 2000) (equitable tolling of limitations period unwarranted even though defendants received timely notice through filing of a federal court action that was subsequently dismissed for lack of diversity).

## III

The district court did not err in granting Tiger judgment on the pleadings on the basis that the governing three year statute of limitations expired before Tiger was served. Tolling of the limitations period is not warranted here, for the Thachs waived reliance on the tolling provision of § 15-2-25, and § 15-2-31's tolling provision is unavailable in the circumstances of this case. They also have not shown eligibility for equitable tolling. Accordingly, the judgment of the district court is affirmed.

_____

-11-