BEAM, Circuit Judge,
concurring and dissenting.
I concur in the court’s opinion except for its conclusion that the damages limitation found in 42 U.S.C. § 1981a(b)(3)(A) should be disregarded in this action. At the outset, I note that the two cases cited by the court, American General Finance Corp. v. Parkway Bank & Trust Co., 520 F.2d 607, 608 (8th Cir.1975) and Cole v. International Union, United Automobile Aerospace & Agricultural Implement Workers, 533 F.3d 932, 936 (8th Cir.2008), are almost wholly inapposite to a fair determination of this phase of the dispute.
It was not until 1991 that Congress made damages available under Title VII and even then, Congress carefully limited the amount recoverable in an individual case, calibrating the maximum recovery to the size of the employer. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). For purposes of this case, this calibration appears in 42 U.S.C. § 1981a(b)(3)(A) and (B) which state:
(3) Limitations
The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—
(A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
(B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000;
and in § 1981a(c)(2) which states
(2) the court shall not inform the jury of the limitations described in subsection (b)(3) of this section.
Because of the limitations in subsection (b)(3) and the evidentiary restriction in subsection (c)(2), the ultimate quantity determination of compensatory damages, the only damages in play in this case, is a matter for the court, after verdict, rather than a matter for the jury. See MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 927 (8th Cir.2004); Mendez v. Perla Dental, No. 04 C 4159, 2008 WL 821882, at *3 (N.D.Ill. Mar.26, 2008). As an element of the cause of action authorized by Title VII, Sheriff had the burden of proof on all issues relating to her damages. MacGregor, 373 F.3d at 934. And, no plaintiff claiming damages under Title VII can *934 complain of unfair surprise, prejudice or lack of opportunity to respond when confronted with these damages limitations because they are part of the same statutory scheme a plaintiff uses to bring his or her claim. Oliver v. Cole Gift Ctrs., Inc., 85 F.Supp.2d 109, 112 (D.Conn.2000).
While most courts decline to strike damage prayers that exceed statutory limitations, Beam v. Concord Hospitality, Inc., No. 93-4188, 1996 WL 455020, at *6 (D.Kan. July 8, 1996), there is no statutory or precedential reason that the burden of proof of the employee-numerosity requirements of § 1981a do not remain with the plaintiff at all times. Oliver, 85 F.Supp.2d at 111 (holding that plaintiff cites no case law holding that statutory limitations must be pled as an affirmative defense).
The closest we come to a procedure for proof of the employee numbers variously specified in Title VII is found in Arbaugh v.Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). In Title VII, Congress limited the definition of “employer” to include only those having fifteen or more employees. 42 U.S.C. § 2000e; Arbaugh, 546 U.S. at 503, 126 S.Ct. 1235. Y & H argued that proof of a defendant’s “employer” status was jurisdictional and the issue could be raised at any time, even after trial. In answering, in the negative, the question of whether this requirement was a matter of subject matter jurisdiction, or not, the Court stated “[w]e reject that categorization and hold that the numerical threshold does not circumscribe federal-court subject-matter jurisdiction.” Arbaugh, 546 U.S. at 504, 126 S.Ct. 1235. Instead, the Court stated “the employee-numerosity requirement relates to the substantive adequacy of Ar-baugh’s Title VII claim” and, thus, could not be raised defensively after the close of trial on the merits. Id. The Supreme Court did not, however, relieve a plaintiff of the responsibility of establishing her Title VII claims and damages, including those associated with employee numerosity. The most that can be gleaned from Arbaugh on the question of employee numbers is that any proof that is the burden of the defendant must relate to “employer” status and be raised by a defendant in a pleading, in a motion for judgment or otherwise asserted at the trial on the merits. Id. at 507, 126 S.Ct. 1235.
Since the substantive adequacy of Sheriffs claim for damages in this litigation is governed by subsections 1981a(b)(3)(A) and (B), evidence on nu-merosity boundaries remain her burden. As earlier noted, the court, post verdict, enters the final judgment on damages upon consideration of the § 1981a limitations. Accordingly, if any information from the defendant is required, which is doubtful, direct or inferential notice of employee numerosity presented to the trial judge prior to completion of the trial on the merits is sufficient. Such notice was given in this case by Midwest through Midwest’s July 6, 2009, Renewed Motion for Judgment as A Matter of Law (JAML) in which the clinic requested a judgment limited to $50,000 in damages. See Docket Entry 75. As required by § 1981a(c)(2), the case was submitted to the jury without evidence of employee numbers except, of course, for Sheriffs allegation that Midwest employed “15 or more” individuals, the number required to prove that Midwest was an “employer” as defined in Title VII. Midwest admitted this allegation in its answer. Thus, at that point, the only proof of Midwest’s employment numbers was “fifteen,” and it originated with Sheriff.
The jury returned its verdict at 4:55 p.m. on June 24, 2009. Judgment on the verdict was entered by the court on June 25, 2009. Midwest’s motions for JAML, *935 New Trial and to Alter or Amend Judgment were timely filed on July 6, 2009, stating, in part, that “damages, if any is (sic) proper at all, should not exceed $50,000, the sum set forth in Plaintiffs’ (sic) damages evidence.” This was sufficient notice to the trial judge that Midwest objected to the $100,000 verdict the court had entered on June 25 in violation of § 1981a(b)(3). Midwest’s post verdict motions were denied on September 16, 2009, at which time the court entered judgment for Sheriffs attorney fees. Accordingly, trial on the merits of this case concluded on that date without any further action by the court on the matter of the amount of damages. At that point, the final decision of the district court became appealable under 28 U.S.C. § 1291.[3]
I concede that Midwest did not directly allude in its motion for JAML to the 42 U.S.C. § 1981a(b)(3) limitations. But, the district court was charged with applying applicable law to the case and specific reference to the statute was not required at that point. Huggins v. FedEx Ground Package Sys., Inc., 592 F.3d 853, 863 (8th Cir.2010); Hill v. N. Tex. State Hosp., No. 7:09-CV-158, 2010 WL 330209, at *2 (N.D.Tex. Jan. 26, 2010).
Even assuming that the court majority is correct that nothing in the record exists, directly or by reasonable inference, with regard to § 1981a(b)(3) employee numbers, substantial unfairness arises when Sheriff is allowed to avoid adducing easily discoverable evidence in support of the substantial adequacy of a statutory element of her damages claim but is permitted to retain an unsupported judgment because Midwest purportedly waived application of the limitation provisions by failing to rely on them below. This is especially true when a search of the record fails to disclose even a hint that Midwest has or ever had the 101 employees necessary to support the $100,000 award.
It seems totally incongruous that Sheriffs silence on employee numbers should carry the day in her quest for an unsupported judgment and Midwest’s purported silence on evidence it had no duty to adduce should be viewed as a waiver of a statutorily imposed limitation. This incongruity is especially intense because a trial judge in this circuit is permitted to take judicial notice of employee numbers, post verdict, in a Title VII case, MacGregor, 373 F.3d at 933, and because there is no showing that Sheriff ever requested the *936 trial judge to take such notice. At the very least, this case should be remanded to permit Midwest to offer evidence of employee numerosity. Affirming the $100,000 judgment is error. I dissent.

. The court apparently suggests that Midwest forfeited or waived the damages limitations issue by attacking the damages award "on the ground that Sheriff's emotional distress evidence was insufficient to support the jury award. It has not relied on § 1981a(b)(3) or sought to limit Sheriff’s noneconomic damages under it, nor has [Midwest] submitted any evidence that it has fewer than 101 employees.” Ante at 932. First, Midwest did not have the burden of presenting such evidence. Second, the court's statements are incorrect. Midwest's opening brief on appeal states,
Midwest suggests that the damages, if any are proper at all, should not exceed $50,000, the sum set forth in Sheriffs damages evidence reduced by savings admitted during her testimony at trial. (T 130:11-138:19; JA 308-314.); see 42 USC § 1981a(b)(3)(D) (establishing a cap of $50,000 on emotional distress damages for respondents, such as Midwest, with fewer than 101 employees). This will reduce the judgment to a reasonable sum reflective of the evidence. This relief is authorized by F R Civ P 59e.
Appellants' Br. at 36. This, along with the various post verdict motions, is more than enough notice to the district court and this panel that neither forfeiture nor waiver, as defined by this court, United States v. McCoy, 496 F.3d 853, 856 (8th Cir.2007), are applicable, or that an element of the statutory cause of action created by Congress may be ignored at trial on the merits or that a misstatement at oral argument of the issues framed on appeal should cost the defendant $50,000.